IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 DEC 13 PM 5:03

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff,<br><br>v.<br><br>**ALTAGRACIA J. PEÑA,** Defendant. | **INDICTMENT**<br><br>CRIMINAL NO. 23-459 (RAM)<br><br>**VIOLATIONS:**<br>Count 1: 18 U.S.C. § 641<br>Count 2: 18 U.S.C. § 1957<br>Count 3: 18 U.S.C. § 1956<br><br>**THREE COUNTS** |

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. During the COVID-19 crisis, the Federal government provided three rounds of Economic-Impact Payments (EIPs) to eligible individuals in Puerto Rico.

2. Starting in March 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) provided a first round of EIPs of up to $1,200 per adult for eligible individuals and $500 per qualifying child under age 17. *See* 26 U.S.C. § 6428.

3. The COVID-related Tax Relief Act of 2020 (Tax Relief Act), enacted in late December 2020, authorized a second-round of EIPs of up to $600 per adult for eligible individuals and up to $600 for each-qualifying child under age 17. *See* 26 U.S.C. § 6428A.

4. The third round of EIPs came with the American Rescue Plan Act of 2021 (American Rescue Plan), enacted in early March 2021, which provided payments of up to $1,400 for eligible individuals or $2,800 for married couples filing jointly, plus $1,400 for each-qualifying dependent, including adult dependents. *See* 26 U.S.C. § 6428B.

5. Pursuant to the CARES Act, Tax Relief Act, and the American Rescue Plan, the Secretary of the US Department of the Treasury (USDT) was in charge of prescribing the regulations necessary and appropriate to carry out the EIPs. *See* 26 U.S.C. §§ 6428(h), 6428A(h), and 6428B(h).

6. Pursuant to the CARES Act, Tax Relief Act, and the American Rescue Plan, to receive the EIPs, Puerto Rico had to enact a plan, which had to be approved by the Secretary of the USDT, under which Puerto Rico would distribute the EIPs to its residents. *See* 26 U.S.C.A. §§ 6428, 6428A, and 6428B (West 2023).

7. Accordingly, the Secretary of the USDT approved the Economic Impact Payment Distribution Plan ("el Plan para el Pago de Impacto Economico") and the Plan for the Disbursement of the Third Economic Impact Payment ("el Plan para el Desembolso del Tercer Pago de Impacto Economico") which enabled the Puerto Rico Department of the Treasury (PRDT) to distribute the EIPs to eligible individuals.

8. The PRDT operated two accounts with Banco Popular de Puerto Rico, a bank insured by the Federal Deposit Insurance Corporation, which the PRDT used to process the EIPs.

9. The Unified Internal Revenue System (SURI for its Spanish acronym) was the PRDT's digital platform that was used to process and distribute the EIPs.

10. The PRDT used taxpayer's returns from 2019 to 2020 in SURI to process the EIPs.

11. Eligible individuals with returns in SURI would automatically receive the EIPs.

12. Eligible individuals that did not file taxes could visit www.pagodeimpactoeconomico.com to apply for the EIPs.

13. The online portal at www.pagodeimpactoeconomico.com required an eligible individual to provide an address, name, social security number, dependent information, and banking information. The eligible individual would be required to certify under oath the information provided.

14. PRDT would then distribute the EIPs to the bank account of the eligible individual.

## COUNT ONE
(18 U.S.C. § 641 – Theft, Disposition, and Receipt of Stolen-Government Money)

The allegations in paragraphs 1-14 are incorporated here.

From on or about May 19, 2021, through on or about May 25, 2021, in the District of Puerto Rico, the defendant,

**ALTAGRACIA J. PEÑA,**

willfully and knowingly embezzled, stole, purloined, converted to her own use and the use of another, money, a thing of value, and property of the United States over

the amount of $1,000, approximately $63,200 in EIPs, and without authority, sold, conveyed, and disposed of it and received, concealed, and retained the same with intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined and converted, in violation of 18 U.S.C. § 641.

## COUNT TWO
### (18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived From Specified-Unlawful Activity)

The allegations in paragraphs 1-14 are incorporated here.

On or about May 20, 2021, in the District of Puerto Rico, the defendant,

### ALTAGRACIA J. PEÑA,

did knowingly engage in a monetary transaction, that is withdrawing funds in excess of $10,000, by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified-unlawful activity, that is the theft of government money in violation of 18 U.S.C. § 641 charged in Count One of this Indictment.

All in violation of 18 U.S.C. § 1957(a).

## COUNT THREE
### (18 U.S.C. § 1956(a)(1)(B)(ii) – Laundering of Monetary Instruments)

The allegations in paragraphs 1-14 are incorporated here.

On or about May 20, 2021, in the District of Puerto Rico, the defendant,

### ALTAGRACIA J. PEÑA,

did knowingly conduct a financial transaction affecting interstate and foreign commerce, to wit, withdrawing funds in excess of $10,000 by making multiple withdrawals, each one of which did not exceed $10,000, which involved the proceeds of a specified-unlawful activity, that is the theft of government money in violation of 18 U.S.C. § 641 charged in Count One of this Indictment, knowing that the transactions were designed in whole and in part to avoid a transaction-reporting requirement under Federal law and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of 18 U.S.C. § 1956(a)(1)(B)(ii).

## FORFEITURE ALLEGATION

The allegations contained in Counts Two and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. §§ 1956 and 1957, the defendant, **ALTAGRACIA J. PEÑA**, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

TRUE BILL,

FOREPERSON

Date: 12/13/23

W. STEPHEN MULDROW
United States Attorney

Seth Erbe
Assistant US Attorney
Chief, Financial Fraud and
Corruption Section

VICTOR ACEVEDO-HERNANDEZ
Digitally signed by VICTOR ACEVEDO-HERNANDEZ
Date: 2023.12.11 14:49:46 -04'00'

Victor O. Acevedo-Hernandez
Assistant US Attorney